JjDUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, David Hunter, with unauthorized entry into a business, in violation of LSA-R.S. 14:62.4. The matter proceeded to trial, and a six-person jury found the defendant guilty as charged. As a result of this conviction, the trial judge sentenced the defendant to six years imprisonment at hard labor.
The state subsequently filed a bill of information seeking to have the defendant adjudicated and sentenced as a fourth felony offender. After being advised of his rights and executing a waiver of rights form, the defendant admitted his status as a fourth felony offender. The trial court then vacated his original sentence and sen- *1273 teneed the defendant, in accordance with the terms of the plea agreement, to thirty years at hard labor. The defendant now appeals.

J¡FACTS

On February 9, 1999, Mary Scott was checking rooms at the Siesta Motel in her capacity as head of housekeeping. As she was checking rooms, she found the defendant sleeping in a room that was listed as vacant. Ms. Scott informed the owner of the motel, Chen Lee, about the situation. Lee checked the desk records and confirmed that the room in which the defendant was sleeping had not been rented. At this point, Lee called the police. When the officers arrived, they observed the defendant sleeping in the room. They woke the defendant up, read him his rights, and arrested him.
At trial, the defendant testified that he had not rented the room, but had been invited into the room by another man who had rented the room after the defendant supplied him with three prostitutes and crack cocaine. The defendant claimed to have simply fallen asleep in the room after being invited inside.

ANDERS APPEAL

Defense counsel has filed an Anders brief asserting that there are no nonfrivo-lous issues which arguably support the appeal and requesting that he be allowed to withdraw. To support his assertion that there are no nonfrivolous issues, defense counsel noted two potential issues, that of sufficiency of the evidence and excessive sentence, and then discussed why he considered the arguments to be without substance. Defense counsel then requested that this court review the entire record for errors patent.
Defense counsel has complied with all the requirements necessary to file a brief of this nature. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh’g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990); and State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
We have conducted an extensive independent review of the record and find no nonfrivolous issues which would arguably support an appeal. We have also conducted an error patent review pursuant to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals no errors patent in this case.
For the reasons set forth herein, we affirm the defendant’s conviction and sentence. Defense counsel’s request to withdraw is hereby granted.

AFFIRMED.